UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| NEWTON ABSHIRE AND HELEN ABSHIRE | : | NO. 2:22 |
| | : | |
| VERSUS NO. __22-2828__ | : | **JUDGE JAMES D. CAIN** |
| | : | |
| UNITED NATIONAL INSURANCE COMPANY AND AMERICAN RELIABLE INSURANCE COMPANY | : | **MAGISTRATE JUDGE KAY** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**PETITION FOR DAMAGES**

NOW INTO COURT, through undersigned counsel, come Plaintiffs, NEWTON ABSHIRE and HELEN ABSHIRE, who respectfully represent the following:

1.

Made Defendants herein is:

UNITED NATIONAL INSURANCE COMPANY, a foreign insurance company which may be served through the Louisiana Secretary of State, 8585 Archives Ave., Baton Rouge, LA 70809.

AMERICAN RELIABLE INSURANCE COMPANY, a foreign insurance company which may be served through the Louisiana Secretary of State, 8585 Archives Ave., Baton Rouge, LA 70809.

2.

Upon information and belief, Defendants—UNITED NATIONAL INSURANCE COMPANY and AMERICAN RELIABLE INSURANCE COMPANY issued a home insurance policy under policy number FIR123743 14 ("the Policy") to Plaintiffs for their home located at 1203 Yoakum Street, Elton, Jefferson Davis Parish, Louisiana ("the Property"), which was in force and effect on August 27, 2020, and at all relevant times herein.

3.

On or about August 27, 2020, Hurricane Laura, a Category 4 hurricane, made landfall in Southwest Louisiana as a strong Category 4 hurricane. Plaintiffs' property sustained extensive damage in connection with this storm.

4.

Due to the mandatory evacuation issued for Calcasieu Parish, the severity of the storm, and the lack of utilities in the area, Plaintiffs were forced to evacuate and incurred Additional Living Expenses/Loss of Use damages.

5.

As soon as practicable, Plaintiffs took steps to mitigate the damage to their home at their expense and to the best of their ability under the circumstances. Plaintiffs timely notified Defendants of the damage to their property.

6.

On or about September 13, 2020, Defendant and its agents inspected the Property to assess Plaintiffs' damages. Defendants and its agents did not inspect the property thereafter. At all times herein, Defendants and its agents were given full access to Plaintiffs' property and their inspections were not limited in any way. Plaintiffs provided adequate proof of loss based on these inspections and fully cooperated with their insurer and its agents.

7.

On or about July 22, 2022, a licensed contractor inspected the Property on behalf of, and at the extra expense of, Plaintiffs and created an estimated of damages that documented significantly more damages to the dwelling and other structures than the original estimated prepared by Defendants, all of which was a result of Defendants' inadequate inspection and adjustment of Plaintiffs' claim. Upon information and belief, Plaintiffs submitted their contractor's estimate to Defendant on August 9, 2022.

8.

Defendants breached their duty to fairly and promptly adjust Plaintiffs' claims and failed to make a reasonable effort to settle the claims. Defendants failed to timely and adequately compensate Plaintiffs for the full amount of the damage sustained. Defendants further failed to explain their denial or refusal to unconditionally tender the undisputed amount owed to Plaintiffs.

9.

Defendants and their representatives mishandled Plaintiffs' claims in violation of La. R.S. § 22:1892 and La. R.S. § 22:1973.

10.

Defendants breached their duty of good faith and fair dealing owed to Plaintiffs, its insured. Defendants breached their duty to fairly and promptly adjust the claim that is the subject of this suit and failed to make a reasonable effort to settle the claim that is the subject of this suit. Defendants misrepresented the terms of insurance policy provisions, existence of coverage, and facts related to Plaintiffs' coverage.

11.

Plaintiffs are unable to make meaningful repairs to their property with the insufficient tenders provided by Defendants. Plaintiffs are entitled to and have requested payment for all losses covered by the policy issued by Defendants.

12.

As a result of Defendants' mishandling of this claim, Plaintiffs were forced to incur the expense of retaining counsel and other expenses to accurately document their damage.

13.

Defendants owe Plaintiffs penalties, attorney fees, and costs for its repeated failures to timely pay Plaintiffs for their damages, misrepresentations of the facts and Plaintiffs' policy, and insufficient tenders.

14.

Defendants have acted without reasonable basis or justification and in contravention of their duty of good faith and fair dealing in handling Plaintiffs' claim, namely:

a. Breach of Contract;

b. Unreasonably and intentionally failed to reasonably and timely investigate, evaluate, and review the claim reasonably based on all available information;

c. Unreasonably and intentionally refused to pay benefits that Plaintiffs are entitled under the terms of the homeowner's insurance policy, causing additional damage;

d. Unreasonably and intentionally misrepresented and lacked reliable knowledge or information upon which to substantiate a full compensation of Plaintiffs' claims;

e. The methodology used to determine Plaintiffs' losses is contrary and offensive to public policy in Louisiana;

f. Breach of Duty of Good Faith and Fair Dealing;

g. Insufficient and untimely tenders of undisputed amounts owed to Plaintiffs; and

h. Any other acts and omissions shown at trial.

15.

As a result of Defendants' failure to adequately compensate Plaintiffs for the necessary repairs, Plaintiffs sustained past, present, and future damages including, but not limited to:

a. Property damage and expenses related thereto;

b. Inconvenience, stress, anxiety, inconvenience, aggravation, and hassle;

c. Additional expenses in restoring the property;

d. Additional living expenses;

e. Mental anguish and emotional damages;

f. Penalties and attorney's fees for violations of La. R.S. § 22:1892 and/or La. R.S. § 22:1973; and

g. Any other damages that may be established at trial.

16.

Plaintiffs' damages $75,000.00, exclusive of interests and costs.

WHEREFORE, the foregoing considered, Plaintiffs, NEWTON ABSHIRE and HELEN ABSHIRE, pray for the following:

I. That this Petition for Damages be deemed good and sufficient and filed herein;

II. That Defendants, UNITED NATIONAL INSURANCE COMPANY and AMERICAN RELIABLE INSURANCE COMPANY, be duly cited and served with a certified copy of this petition and commanded to respond thereto;

III. After due proceedings are held, this Court render a judgment in favor of Plaintiffs, NEWTON ABSHIRE and HELEN ABSHIRE, and against Defendants, UNITED NATIONAL INSURANCE COMPANY and AMERICAN RELIABLE INSURANCE COMPANY, awarding Plaintiffs damages in a reasonable amount to be determined by this Court; and

IV. Plaintiffs be granted such additional relief as the law, evidence and equity warrant and this Court is competent to grant, including attorney fees, penalties, interest, and costs as may be appropriate.

By attorneys,

**STUTES & LAVERGNE L.L.C.**

  s/ Deil J. LaLande #37200
P. JODY LAVERGNE, (#27546)
JEANETTE DEWITT-KYLE (#33801)
**DEIL J. LALANDE** (#37200)
600 Broad Street, Post Office Box 1644
Lake Charles, LA 70602-1644
Telephone: (337)433-0022
Fax: (337) 433-0601
Email: deil@stuteslaw.com

**PLEASE SERVE**

DEFENDANT AS OUTLINED
IN PARAGRAPH ONE